IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARITY SPORTS INTERNATIONAL LLC and JASON BERNSTEIN, | : : : : | **CIVIL NO. 1:19-CV-00305(YK)** |
| | : | (Judge Kane) |
| Plaintiffs, | : : | |
| | : | (Chief Magistrate Judge Schwab) |
| v. | : : | |
| REDLAND SPORTS, *et. al.* | : : : | |
| Defendants. | : | |

**ORDER**
December 14, 2020

On July 6, 2020, third party Stacy Wright-Whittaker filed a motion to quash and/or modify a subpoena directed to her cell phone carrier, AT&T Wireless. *Doc. 110.* This order resolves Wright-Whittaker's motion.

**I.  Legal Standards**

"The party seeking to quash the subpoena bears the heavy burden of demonstrating that the requirements of Rule 45 are satisfied." *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, No. MISC. 1:12-MC-00358, 2012 WL 5862735, at *3 (M.D. Pa. Nov. 19, 2012). Specifically, the moving party must show a "clearly

defined and serious injury." *Id.*  In keeping, "general assertions are insufficient to show undue burden for the purpose of a motion to quash." *Id.*

Though "Rule 45 must be read in connection with Rule 26, which defines the permissible scope of discovery," a district court may deny a motion to quash "if there is any ground on which [the information sought] might be relevant." *SLB Enter., LLC v. AGI Corp.*, No. CIV.A. 11-MC-259, 2011 WL 6134542, at *1 (E.D. Pa. Dec. 8, 2011).

## II. Analysis

### A.  Limitations on the Content that will be Produced

Wright-Whittaker requests that "the content of [her cell phone's] text messages . . . not be produced." *Doc. 110, Order at ¶ 1*.  Plaintiffs have represented, in briefing concerning previous subpoenas, that "the Stored Communications Act prohibits cell phone carriers from producing the content of text messages in response to a civil subpoena." *Doc. 109 at 2*; *see Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 1002 (C.D. Cal. 2012).  Thus, we deny this request as moot.

## B. The Production Process

Wright-Whittaker requests that AT&T first produce responsive cell phone records to Wright-Whittaker herself as well as her counsel. Then, Wright-Whittaker suggests that she will redact the records as necessary before producing the records and a privilege log to Plaintiffs. *See Doc. 110, Order at ¶¶ 2-5.* Unfortunately, Wright-Whittaker has not provided enough legal support for this alternative production process. This is especially so given the limitations on privacy that individuals face by "conveying" outgoing telephone numbers to their telephone companies. *See generally Smith v. Maryland*, 442 U.S. 735, 742 (1979) ("[W]e doubt that people in general entertain any actual expectation of privacy in the numbers they dial," as "[a]ll telephone users realize that they must 'convey' phone numbers to the telephone company," and "[a]ll subscribers realize, moreover, that the phone company has facilities for making permanent records of the numbers they dial").

We note, though, that Plaintiffs have proposed an alternative process for dealing with Wright-Whitaker's alleged privacy concerns. Plaintiffs propose to first have Wright-Whitaker "identify telephone numbers belonging to [her] immediate family members." Then, Plaintiffs will "redact records of calls and texts involving those phone numbers, and . . . use those redacted versions of the records in any public filings in this litigation (unless the redacted information is

3

later shown to be relevant to this case)." *Doc. 109 at 4; Doc. 122 at 7-8.* We find this process to be amenable, and we will memorialize this process below.

\* \* \* \*

**IT IS ORDERED** that Third Party Stacy Wright-Whitaker's Motion to Quash and/or Modify Plaintiffs' Subpoenas (*Doc. 110*) is **DENIED**.

Wright-Whittaker is to identify telephone numbers belonging to her immediate family members. Plaintiffs shall redact the records of calls and text messages that involve these phone numbers. Plaintiffs shall only use the redacted versions of these records in any public filing in this litigation, unless the redacted information has been shown to be relevant to this case.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge