IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARITY SPORTS INTERNATIONAL LLC and JASON BERNSTEIN, | : : : : | |
| Plaintiffs | : : | No. 1:19-cv-00305 |
| v. | : : | (Judge Kane) (Magistrate Judge Schwab) |
| REDLAND SPORTS, et al., Defendants | : : : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court are: (1) two motions to dismiss the third amended complaint ("TAC") of Plaintiffs Jason Bernstein ("Bernstein") and Clarity Sports International LLC ("Clarity Sports") (collectively "Plaintiffs") (Doc. Nos. 138, 142);[1] (2) the March 4, 2021 Report and Recommendation of Magistrate Judge Schwab recommending that the Court deny the pending motions to dismiss (Doc. No. 213); (3) Defendants' objections to the Report and Recommendation (Doc. Nos. 214, 216); and (4) Plaintiffs' brief in opposition to Defendants' objections (Doc. No. 219).

In her Report and Recommendation, Magistrate Judge Schwab recommends that the Court deny Defendants' motions to dismiss. (Doc. No. 213.) In arriving at this recommendation, Magistrate Judge Schwab first acknowledged that the facts underlying Plaintiffs' TAC "have essentially not changed from Plaintiffs' Second Amended Complaint

---

[1] The first motion to dismiss (Doc. No. 138) was filed by the following defendants (collectively the "Memorabilia Dealer Defendants"): Redland Sports; Gerry Ochs ("Ochs"); MVP Authentics, LLC; Daryle Eisenhour; Jason Smith; Boone Enterprises Inc. d/b/a Boone Enterprises Authentic Autographs; and Craig Boone ("Boone"). The second motion to dismiss (Doc. No. 142) was filed by Defendant CAA Sports LLC ("CAA").

[("SAC")]" and that Plaintiffs added allegations related to: (1) "contact between Plaintiffs and Ochs concerning [Kenny] Golladay's [("Golladay")] signing" (id. at 3); (2) "CAA's involvement in Golladay's signing" (id.); and (3) "Plaintiffs' alleged damages from Defendants' alleged interference with their contracts with Golladay" (id.).  Magistrate Judge Schwab acknowledged that Defendants' argument that the Court lacks subject-matter jurisdiction over Plaintiffs' claims was raised in motions to dismiss Plaintiffs' SAC and was previously rejected by the undersigned.  (Id. at 10-12.)[2]  Magistrate Judge Schwab then discussed the evidence provided by Defendants in support of the pending motions and determined that Defendants "glaringly mischaracterize the [documents] on which they ground their factual challenge," ultimately concluding that "the information on which Defendants rely simply does not rise to the level of the 'competing facts' necessary to support a factual challenge to subject-matter jurisdiction."  (Id. at 15, 16.)  Although Magistrate Judge Schwab acknowledged that the undersigned's previous holding on subject-matter jurisdiction was not law of the case and, therefore, not binding, she determined that the undersigned's reasoning when disposing of Defendants' earlier motions to dismiss "applies to the allegations that we are now assessing, especially given that these allegations carry forward from the previous iteration of Plaintiffs' [SAC]."  (Id. at 17.)  Accordingly, Magistrate Judge Schwab concluded that "Plaintiffs here adequately allege facts to suggest an amount in controversy that exceeds $75,000."[3]  (Id.)

With respect to Defendants' challenges to the TAC pursuant to Federal Rule of Civil Procedure 12(b)(6), Magistrate Judge Schwab made two determinations: (1) that the

---

[2] See also (Doc. No. 57 at 3-5).

[3] Magistrate Judge Schwab similarly concluded that Plaintiffs' demand for punitive damages was neither "patently frivolous" nor "without foundation."  (Doc. No. 213 at 18.)  The undersigned determined the same when ruling on the motions to dismiss Plaintiffs' SAC.  (Doc. No. 57 at 7.)

undersigned's prior decision on the issue (Doc. No. 57) constituted the law of the case with respect to the Memorabilia Dealer Defendants and required the denial of their renewed motion; and (2) that the TAC sufficiently pleaded the elements of a tortious interference claim under Pennsylvania law against the newly added defendant, CAA.  (Id. at 19.)  Specifically, Magistrate Judge Schwab acknowledged that:

> [i]n her previous Order of December 17, 2019, Judge Kane found that the Second Amended Complaint "contain[ed] sufficient allegations [against the Memorabilia Dealer Defendants] to support Plaintiffs' tortious interference claims." Doc. 57 at 10.  Judge Kane analyzed the elements of a tortious interference claim under Pennsylvania law and ruled that Plaintiffs' claims, as set forth in the Second Amended Complaint, were "at this early stage . . . sufficient to support the elements of a tortious interference claim."  Id. at 11-12.  The allegations in the Third Amended Complaint regarding this claim are the same or substantially similar to those Judge Kane ruled upon in the Second Amended Complaint.  Compare doc. 40 with doc. 120.  Thus, the issue of the sufficiency of Plaintiffs' tortious interference claims has "already been ruled on for 12(b)(6) purposes" and, as such, the Memorabilia Dealer Defendants' attempt here to relitigate the sufficiency of Plaintiffs' pleading runs afoul of the law of the case doctrine and Judge Kane's prior ruling, which we incorporate herein by reference.

(Id. at 22-23.)  Magistrate Judge Schwab then turned to CAA and its motion to dismiss and determined that the TAC "contains sufficient allegations to support Plaintiffs' tortious interference claims against CAA."  (Id. at 25.)  To this end, Magistrate Judge Schwab noted Plaintiffs alleged that:

> CAA helped set up the signing, while knowing that Golladay had an exclusive marketing agreement with Plaintiffs (doc. 120 at ¶¶ 52, 97, 99, 101-03 (alleging Defendants set up signing); ¶ 116 (alleging Defendants' awareness of EMA)); CAA was trying to encourage Golladay to terminate his relationship with Plaintiffs and to sign with France and CAA (id. at ¶ 121); the Memorabilia Dealer Defendants purposefully interfered with Plaintiffs' contracts with Golladay at the direction of and in coordination with CAA, because they desired to please CAA and continue to receive NFL player referral business from CAA (id. at ¶ 122); "[ d]espite Ochs having been told about Plaintiffs' contractual relationships with Golladay . . . Defendants [still contracted] with Golladay for the signing" (id. at ¶ 118); and on the day after the signing, "Golladay called Bernstein and said he was going to terminate Bernstein as his NFLPA Contract Advisor" (id. at ¶ 124).

3

(Id.)  Accordingly, Magistrate Judge Schwab recommended that the Court deny Defendants' motions to dismiss.  (Id. at 26.)

Defendants filed objections to the Report and Recommendation on March 18, 2021 along with briefs in support of their objections.  (Doc. Nos. 214, 215, 216, 217.)  In their objections, Defendants argue that Magistrate Judge Schwab failed to consider all relevant evidence before concluding that the Court had subject-matter jurisdiction.  (Doc. No. 215 at 6-15; Doc. No. 217 at 7-11.)  Specifically, Defendants assert that their renewed challenge to subject-matter jurisdiction is based on "discovery responses that were obtained over the course of the past year."  (Doc. No. 217 at 8-10.)  In response, Plaintiffs argue that Defendants' objections are "plainly meritless" because "[e]ven a cursory review" of the Report and Recommendation reveals that Judge Schwab fully considered all the evidence presented in connection with Defendants' motions.  (Doc. No. 219 at 3-4.)  Plaintiffs note that Magistrate Judge Schwab "discusses that very evidence for an entire eight-page section of her Report.  She even quotes, 'in full', Plaintiffs' discovery response Defendants claim [she] disregarded."  (Id. at 4.)

Having carefully reviewed the Report and Recommendation, Defendants' objections, the parties' arguments, and the applicable law, the Court finds that Magistrate Judge Schwab thoroughly resolved the substance of Defendants' objections by clearly considering and discussing the evidence presented to her in support of Defendants' motions prior to recommending their denial.  (Doc. No. 213 at 8-18.)  Contrary to Defendants' assertions in the instant objections, Magistrate Judge Schwab did not ignore or overlook relevant evidence; rather, after quoting extensively from the documents in question, she stated that:

> Defendants, however, glaringly mischaracterize these second supplemental responses on which they ground their factual challenge.  The second supplemental responses to which Defendants point are not "discovery admission[s]" but rather are Plaintiffs' second supplemental responses to interrogatories. . . . Answers to

> interrogatories [however] are not admissions to which a party is inescapably bound, but as contemplated by Rule 33, the party may amend or supplement its answers. Even absent an amendment, a party may take a position at trial that is different than a prior interrogatory answer, unless the change would prejudice the interrogating party.

(Id. at 15) (citation omitted). Magistrate Judge Schwab went on to note that the documents at issue:

> reference numerous bates-stamped documents already produced in discovery in the case and regarding which the [C]ourt has no knowledge of the contents. In their briefs, however, Defendants fail to include or mention these citations, merely inserting ellipsis points instead. Additionally, such supplemental interrogatory responses must be read together with the other responses and not taken out of context. Finally, we do not read Plaintiffs' second supplemental responses as acknowledging that they have no damages, as Defendants would have us conclude. Rather, such responses clarify prior responses regarding prospective contracts with which Plaintiffs claim Defendants interfered and are consistent with allegations in the Second and Third Amended Complaints . . .

(Id. at 16.) The Court's review of the record and Defendants' objections does not indicate that Magistrate Judge Schwab erred in her consideration of the relevant evidence. Thus, the Court will not write separately to address Defendants' objections further. Accordingly, the Court will adopt the Report and Recommendation of Magistrate Judge Schwab over Defendants' objections.

**AND SO**, on this 12th day of April 2021, upon independent review of the record and applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** Magistrate Judge Schwab's March 4, 2021 Report and Recommendation (Doc. No. 213);

2. Defendants' objections to the Report and Recommendation (Doc. Nos. 214, 216) are **OVERRULED**;

3. Defendants' motions to dismiss Plaintiffs' third amended complaint (Doc. Nos. 138, 142) are **DENIED**; and

4. The above-captioned action is **RECOMMITTED** to Magistrate Judge Schwab for further pretrial management.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
