# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARITY SPORTS INTERNATIONAL LLC and JASON BERNSTEIN | : : : : | 1:19-CV-00305 |
| Plaintiffs, | : : | (Magistrate Judge Schwab) |
| v. | : : | |
| REDLAND SPORTS, *et al.*, | : : | |
| Defendants. | : | |

# ORDER
July 15, 2021

## I. Introduction.

This is an action concerning claims for tortious interference with existing contractual relationships in connection with Jason Bernstein's ("Bernstein") and Clarity Sports International LLC's ("Clarity Sports") (hereinafter referred to collectively as "Plaintiffs") prior representation of NFL football player Kenny Golladay ("Golladay"). Presently before the court is a motion for sanctions filed by Plaintiffs. *Doc. 221.* For the reasons discussed below, we will grant in part and deny in part the motion for sanctions.

## II. Procedural History.

Plaintiffs filed their first complaint on February 22, 2019, alleging two state law claims for tortious interference with existing contractual relationships. *Doc. 1.* Thereafter, Plaintiffs amended their complaint twice (*docs. 7, 40*) and the matter was assigned to the undersigned for pretrial management. *Doc. 82.* After the briefing and resolution of many discovery motions, Plaintiffs filed a third amended complaint, which included, *inter alia*, the addition of CAA Sports LLC ("CAA") as a defendant. *Doc. 120.* The third amended complaint is now the operative complaint in this matter. Because all parties are familiar with the basic facts underlying this dispute, we will not repeat them here. Now before the court is Plaintiffs' motion for sanctions (*doc. 221*).

Plaintiffs' motion for sanctions is based on the conduct of defense counsel Michael Iaconelli and William Clements ("Defense Counsel"). *Doc. 222.* Defense Counsel represent defendants CAA; MVP Authentics, LLC; Jason Smith; Daryl Eisenhauer (who together own MVP Authentics); and Craig Boone (who owns Boone Enterprises, hereinafter referred to as "Boone"). *Doc. 138.*

## III. Discussion.

### A. Parties' Contentions.

In their motion, Plaintiffs request the imposition of sanctions based on the conduct of Defense Counsel during the Rule 30(b)(6) deposition of CAA's

2

corporate representative, Niloofar Shepherd ("Shepherd"). The deposition of Shepherd occurred on March 3, 2021. *Docs. 227, 227-1*. Plaintiffs' motion for sanctions cites a variety of transgressions that occurred during the deposition where they assert Defense Counsel's conduct prevented Plaintiffs from having a fair opportunity to depose Shepherd. *Doc. 222*. More specifically, Plaintiffs estimate that during Shepherd's deposition, Defense Counsel spoke for thirty-three percent (33%) of the time. *Id.* at 1. According to Plaintiffs' brief in support, Defense Counsel filled this time "with their speaking objections, coaching of the witness, arguments and commentary." *Id.* at 1. Examples of this behavior include Defense Counsel's labeling of a question as "stupid" (*doc. 227* at 44), as well as telling Plaintiffs' counsel to "shut up" (*doc. 227-1* at 5). More examples of this behavior are littered throughout the deposition transcript. *Docs. 227, 227-1*.

As a sanction, Plaintiffs request that they be awarded their costs and reasonable attorneys' fees for the deposition of Shepherd and for bringing the motion for sanctions. *Doc. 221* at 2. In addition, Plaintiffs request that we "enter an Order directing Defense Counsel to comply with the Federal Rules of Civil Procedure in depositions to be conducted in the future in this matter." *Id.*

Defendants responded by filing a brief in opposition. *Doc. 234*.[1] In their brief, defendants contend, among other things, that the objections made during the deposition of Shepherd were "necessitated by the conduct of plaintiffs' counsel in conducting the deposition." *Id.* at 3. Defendants also note that "no competent lawyers defending a deposition would allow their client party to be subjected to the tactics inherent in Comerford's [Plaintiffs' counsel] prosecutorial, argumentative, and repetitive questioning." *Id.* at 7. Plaintiffs filed a reply brief, disputing the authority cited by defendants in their brief. *Doc. 239*.

**B. Legal Standard.**

Federal Rule of Civil Procedure 30 governs depositions by oral examination. The Rule addresses objections during such a deposition:

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).

---

[1] The brief in opposition was filed on behalf of the defendants represented by Defense Counsel.

"A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness." *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993). "Although counsel has a right and duty to object to protect her client from improper questions, it must be done within the rules." *Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 3:10-CV-1559, 2014 WL 3055358, at *8 (M.D. Pa. July 3, 2014). For example, "lawyers are strictly prohibited from making any comments, either on or off the record, which might suggest or limit a witness's answer to an unobjectionable question." *Hall*, 150 F.R.D. at 531. Moreover, objections must be "'succinct and verbally economical, stating the basis of the objection and nothing more.'" *Birdine v. City of Coatesville*, 225 F.R.D. 157, 158 (E.D. Pa. 2004) (quoting *Hall*, 150 F.R.D. at 530). "Excessive objections, unnecessary commentary, and repeated interruptions disrupt the orderly question and answer flow of a deposition and are obstructive to its purpose." *Animal Legal Def. Fund v. Lucas*, No. CV 19-40, 2020 WL 7027609, at *3 (W.D. Pa. Nov. 30, 2020). Further, "[c]ounsel are expected to conduct themselves courteously, professionally and in compliance with the Federal Rules of Civil Procedure." *Id.*

Plaintiffs' request for sanctions is governed by Fed. R. Civ. P. 30(d)(2), which provides that "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorneys' fees incurred by any party—on a person

who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).[2] "The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007).[3] Furthermore, "[w]here a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction (as well as the initial decision whether to impose such a sanction) should be guided by equitable considerations." *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988).[4] Nevertheless, a court "'may decide that the circumstances warrant imposition of only part of the adversary's expenses or perhaps only a reprimand.'" *Id.* (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 158 (3d Cir. 1986)).

---

[2] *See* Advisory Committee Note to Rule 30, subdivision (d), paragraph (3) (1993 amendment) (explaining that this provision applies to improper objections made by attorneys during depositions).

[3] *See also Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997) (holding that district courts provide magistrate judges with particularly broad discretion in resolving discovery disputes).

[4] *See also McLaughlin v. Phelan Hallinan & Schmieg, LLP,* 756 F.3d 240, 249 n.14 (3d Cir. 2014) (explaining that the *Poulis* factors do not apply to monetary sanctions such as an award of costs and attorney fees).

**C. Analysis.**

Having reviewed the transcript of Shepherd's deposition, we conclude that Defense Counsel impeded, delayed, and frustrated the fair examination of Shepherd. Thus, sanctions are warranted.

The transcript of Shepherd's deposition features an abundance of improper interruptions and objections. *Docs. 227, 227-1*. Given the exhaustive record of such already set forth by Plaintiffs in their brief, we find it unnecessary and redundant to identify every improper interruption and objection made by Defense Counsel. But, some examples of Defense Counsel's obstructionist conduct should be noted.

Defense Counsel engaged in a plethora of "speaking" objections, at times appearing to coach Shepherd.[5] For example, Plaintiffs' counsel asked Shepherd, "Does CAA have any information that it could ever point to suggesting that someone else other than Todd France sent this?" *Doc. 227* at 16. Before Shepherd could respond, Mr. Iaconelli interjected, "Do you mean other than Todd France's sworn testimony and Jake Silver's sworn testimony?" *Id.* As another example,

---

[5] *See In re Malofiy*, 653 F. App'x 148, 154 (3d Cir. 2016) (explaining that a speaking objection occurs when counsel improperly testifies rather than merely states the reason for the objection); *see also Vnuk v. Berwick Hosp. Co.*, No. 3:14-CV-01432, 2016 WL 907714, at *5 (M.D. Pa. Mar. 2, 2016) ("[S]peaking objections, which, through the technical form of an objection, signal to the deponent the answer that his or her attorney prefers.").

7

later in the deposition, Plaintiffs' counsel asked Shepherd, "Why has CAA not asked Mr. France whether the testimony he gave was true?" *Id.* at 18. Again, before Shepherd could answer, Mr. Clements commented, "Do you mean other than it was given subject to sworn oath?" *Id.* Another example of this behavior occurred when Plaintiffs' counsel asked, "Do you agree with me that for the statements in the Silver Affidavit to be true, it would need to be true that Todd France did not read the email he received from Jake Silver of January 8, 2019?" *Id.* at 27. Mr. Clements, before Shepherd could respond, stated, "Objection, argumentative. I'm sure there's more possibilities than just that. But you can answer." *Id.* Shepherd then answered, "Yeah, I was going to say that's one of the possibilities." *Id.*

Defense Counsel also demonstrated a pattern of adding to Shepherd's answers. For example, Shepherd concluded an answer to a question with, "after you've had a chance to interrogate Mr. Silver and Mr. France." *Id.* at 30. Before Plaintiffs' counsel could follow up, Mr. Iaconelli interrupted with, "And Mr. Golladay." *Id.* at 30. Shepherd then added to her answer, "And Mr. Golladay and Mr. Boone and whoever else you need." *Id.* at 30. Defense Counsel also restated or reframed Plaintiffs' counsel's questions. *Doc. 227* at 32. For example, after Plaintiffs' counsel asked a question, Mr. Clements interjected, "I think the proper way to phrase that question is what is CAA's position about it not telling her what

8

it is. Go ahead." *Id*. And Defense Counsel also interrupted the deposition by asking Plaintiffs' counsel questions. *Doc. 227* at 30. For example, Mr. Iaconelli asked Plaintiffs' counsel, "John, would you agree that Mr. Golladay's sworn testimony in his affidavit completely renders your client's position in this case without merit? Do you want to agree with that statement?" *Id*.

In addition to Defense Counsel's numerous improper speaking objections and additions, there is cause for concern about the unprofessional nature of comments made by Defense Counsel. For instance, the following are examples of comments Defense Counsel made during the deposition: "not these idiotic innuendos that you're trying to explore" (*doc. 227* at 14); "You are not working for the Naval Investigative Service or whatever you did when you were in the Navy. . ." (*id.* at 14); "Be quiet" (*id.* at 18); "stupid question" (*id.* at 44); and "shut up" (*doc. 227-1* at 5).

Based on the forgoing examples and the numerous other instances when Defense Counsel interrupted the deposition, answered for the witness, and was disrespectful and unprofessional, Defense Counsel impeded, delayed, and frustrated the fair examination of Shepherd, and sanctions are appropriate. "That depositions proceed under the Federal Rules but occur outside the court's purview makes cooperation amongst counsel even more critical." *Williams v. Benshetrit*, No. CV 19-797, 2020 WL 3315982, at *4 (E.D. Pa. June 18, 2020). Such

9

cooperation was entirely lacking here. Awarding sanctions for Defense Counsel's violation of the standards set forth in Rule 30 is appropriate to redress the expense and inconvenience that Plaintiffs incurred in connection with Shepherd's deposition. Remaining are the questions of who should be sanctioned and what sanctions are appropriate.

"If an attorney, rather than a client, is at fault, the sanction should ordinarily target the culpable attorney." *Republic of the Philippines v. Westinghouse Elec. Corp.,* 43 F.3d 65, 74 (3d Cir.1994). Thus, sanctions can be imposed on Defense Counsel.[6] Plaintiffs request that we award them their costs and reasonable attorney's fees for the deposition and for bringing this motion, and order Defense Counsel not to obstruct any other deposition in this case. *Doc. 222*. "The Due Process Clause of the Fifth Amendment requires a federal court to provide notice and an opportunity to be heard before sanctions are imposed on a litigant or attorney." *Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995) (footnote omitted). "With regard to sanctions, particularized notice of the grounds for the sanction under consideration is generally required." *Id.* at 1262-63 (footnote omitted). Given the fact that this motion has been briefed by both sides and the focus of the

---

[6] *See also In re BWP Gas, LLC*, No. 05-18754BIF, 2006 WL 2883012, at *2 (Bankr. E.D. Pa. June 13, 2006) (noting that Rule 30(d)(2) can apply to "any . . . person involved in the deposition").

motion is Defense Counsel's conduct, we feel comfortable that the Due Process notice requirement has been satisfied.[7]

We have no difficulty finding that Defense Counsel impeded, delayed, and frustrated Shepherd's fair examination. Thus, an award of expenses and attorney's fees are warranted pursuant to Fed. R. Civ. P. 30(d)(2).[8] Even so, "[a] court choosing among such sanctions must 'ensure that the sanction is tailored to address the harm identified.'" *Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 111 (3d Cir. 1999) (quoting *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1994)). Moreover, "[t]he amount of a monetary sanction should be specifically related to expenses incurred as a result of the violations." *Underwriters*, 2014 WL 3055358, at *10; *see also Martin*, 63 F.3d at 1263 n.15.

Plaintiffs request an award of their costs and reasonable attorneys' fees for the deposition of Shepherd. *Doc. 221* at 1. In their brief in support, Plaintiffs assert that Defense Counsel's improper objections and commentary accounted for thirty-

---

[7] We note that in Plaintiffs' motion for sanctions (*doc. 221*), they request that these sanctions be paid for by the clients of Defense Counsel. This specific request is also made once in the brief. *Doc. 222* at 8. But throughout Plaintiffs' briefs, the focus is on the conduct of Defense Counsel. Thus, we conclude that Defense Counsel were on notice that they were subject to sanctions.

[8] *See Plump v. Kraft Foods N. Am., Inc.*, No. 02 C 7754, 2003 WL 23019166, at *1 (N.D. Ill. Dec. 23, 2003) ("[C]osts and attorneys' fees awarded are those incurred as a result of the frustration of fair deposition examination.")

11

three percent (33%) of the deposition transcript. *Doc. 222* at 1. After assessing the transcript and given that at times Defense Counsel raised valid objections, we find it appropriate to award Plaintiffs 20% of their costs and reasonable attorneys' fees for the deposition of Shepherd.

Plaintiffs' second request is for an award of their costs and reasonable attorneys' fees for bringing this motion. Given that Defense Counsel's conduct precipitated this motion, we find that an award of reasonable expenses and attorneys' fees in connection with this motion for sanctions is also warranted.

Plaintiffs' final request is that we enter an order directing Defense Counsel to comply with the Federal Rules of Civil Procedure in depositions. *Doc. 221* at 1. We find that the clear pattern of uncivil and antagonistic conduct of Defense Counsel in this case merits such an order. We remind counsel that practice before this court is governed both by the Pennsylvania Rules of Professional Conduct and the Middle District of Pennsylvania Code of Professional Conduct. All counsel are admonished that sanctions for any future misconduct in this litigation may reflect the effectiveness, or lack thereof, of the present corrective action.

## IV. Order.

Based on the foregoing, **IT IS ORDERED** that Plaintiffs' motion (*doc. 221*) for sanctions is **GRANTED** to the extent that the court imposes sanctions against Attorneys Clements and Iaconelli for their inappropriate conduct during the

Shepherd deposition. Attorneys Clements and Iaconelli shall pay 20% of the reasonable expenses and attorney's fees that Plaintiffs incurred in deposing Shepherd and 100% of the reasonable expenses and attorney's fees that Plaintiffs incurred in filing and briefing their motion for sanctions. Attorney Clements is responsible for 50% of those expenses and fees, and Attorney Iaconelli is responsible for the other 50% of those expenses and fees. Plaintiffs shall provide Attorneys Clements and Iaconelli an itemized statement of their reasonable expenses and attorney's fees for the Shepherd deposition and for the motion for sanctions. If the parties cannot agree on the reasonable expenses and attorney fees regarding the deposition and the motion for sanctions, they shall contact us by letter outlining their dispute within 30 days of the date of this Order. **IT IS FURTHER ORDERED** that all counsel are reminded that in all depositions in this case, they shall comply with the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 30(c)(2), and they shall be courteous, respectful, and professional. The motion for sanctions is otherwise **DENIED**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge