IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
CLARITY SPORTS INTERNATIONAL LLC :
and JASON BERNSTEIN,             :
                                 :
                    Plaintiffs,  :
                                 :
         v.                      :       No.  1:19-CV-00305 (YK)
                                 :
CLARITY SPORTS, et al.,          :
                                 :
                    Defendants.  :
_____:

**DEFENDANTS CAA SPORTS, LLC, CRAIG BOONE, AND BOONE ENTERPRISES, INC.'S MOTION FOR EXTENSION OF OPPOSITION BRIEF DEADLINE AND ENLARGEMENT OF PAGE LIMITS**

AND NOW, comes Defendants CAA Sports, LLC, Craig Boone, and Boone Enterprises, Inc. (together, "Moving Defendants"), by and through their counsel, to move for an extension of time to file their brief in opposition to Plaintiffs' Motion for Sanctions [Dkt. No. 296] and for an enlargement of the page limits, and aver the following in support thereof:

**A.  Moving Defendants Were Constrained To Promptly File This Motion**

1. The Moving Defendants have sought to resolve a scheduling conflict with Plaintiffs, to no avail.

2. By way of background, on December 30, 2021, the Court entered an Eighth Amended Case Management Order directing motions for summary judgment to be filed on May 6, 2022.

3. Defendants complied with this Court-ordered deadline by submitting their Motions for Summary Judgment and accompanying Statements of Material Undisputed Facts on May 6, 2022. (*See* Dkt. Nos. 298-99 and 300-04).

4. Pursuant to the Court-ordered schedule and Middle District of Pennsylvania Local Rules, Defendants' briefs in support of their summary judgment motions are due on May 20, 2022.

5. On May 5, 2022, just one day prior to the Court-ordered deadline for dispositive motions, Plaintiffs filed a lengthy Motion for Sanctions (the "Sanctions Motion") against the Moving Defendants and certain of their co-defendants. The Sanctions Motion is based entirely on alleged discovery infractions stemming from events that occurred months ago (and in some cases, years).

6. The Moving Defendants disagree with and will oppose the Sanctions Motion.

**B.     It Appears The Sanctions Motion Was Strategically Timed**

7. Prior to filing their Sanctions Motion, Plaintiffs sought on May 3, 2022 by way of a similar motion [Dkt. No. 292] and received via Order dated May 4, 2022 [Dkt. No. 293] leave to file a brief in support of the Sanctions Motion that exceeded the usual fifteen (15) page and/or 5,000-word page limit. Plaintiffs' filed brief in support of the Sanctions Motion totals 7,045 words.

2

8. It is Defendants' position that the filing of the Sanctions Motion was strategically timed to impede and interfere with their ability to adequately brief the pending summary judgment motions, on the one hand, while at the very same time being required to brief Moving Defendants' opposition to the Sanctions Motion, on the other hand.

9. Plaintiffs filed their Sanctions Motion approximately seventy-two (72) hours after first providing defense counsel with notice of their intent to file it, and after failing to respond to two (2) separate requests to participate in a meet and confer with Defendants' counsel pursuant to Local Rules 8.1 and 26.3 regarding the timing and propriety of their filing. (*Compare* Ex. 1, Email Chain between Counsel, with Dkt. Nos. 296-97). Thus, the Sanctions Motion appears to have been deliberately filed by Plaintiffs to cause the most disruption to the Court-ordered summary judgment schedule and resulting prejudice to the Moving Defendants. *Id.*

10. Since the Sanctions Motions raised purported discovery violations that allegedly occurred months and sometimes even years ago in connection with the ongoing disputes over NFL player Kenny Golladay, resolution of the Sanctions Motion is not in any way time sensitive.

### C. Plaintiffs' Unwillingness To Provide Moving Defendants With A 14-Day Extension Appears To Be Aimed At Prejudicing Defendants On The Merits

11. As addressed in more detail below, Plaintiffs' counsel has refused to provide an extension to respond to the Sanctions Motion, but instead proposes that Defendants stop working on their summary judgment briefs to first respond to the Sanctions Motion.

12. The present deadline for the Moving Defendants to file an opposition to the Sanctions Motion is May 19, 2022, just one day before all Defendants must file their summary judgment briefs on May 20, 2022. *See* Dkt. No. 279.

13. The timing of the Plaintiffs' Sanctions Motion is a textbook example of procedural gamesmanship.

> i. <u>First</u>, as will be made obvious in Defendants' various summary judgment filings, Plaintiffs have no evidence supporting their actual claims; Plaintiffs instead wish this Court to enter adverse inferences as sanctions, which inferences Plaintiffs will then use to paper over their lack of actual evidence.
>
> ii. <u>Second</u>, Plaintiffs realize it is "put up or shut up" time for them and are desperate to avoid this Court placing their claims under the lens of summary judgment.

      iii.      <u>Third</u>, Plaintiffs attempt to taint the summary judgment process by arguing about purported discovery violations pertaining to the January 21, 2019 memorabilia signing event is transparent. As Defendants have consistently argued throughout these proceedings, the Signing Event will be shown at summary judgment to be a total non-event. Likewise, the alleged "discovery violations" are, themselves, non-events.

      iv.      <u>Fourth</u>, the very timing of the Sanctions Motion, and Plaintiffs' unwillingness to provide Moving Defendants with a short extension to file their opposition, is the best illustration of Plaintiffs' fear of the summary judgment process itself.

14.    Plaintiffs plainly seek to overcome summary judgment not on the merits but by seeking to prejudice Moving Defendants with an unnecessarily expedited briefing schedule and by distracting the Court with alleged discovery issues that have been known to Plaintiffs for months and, in some instances, for almost two years.

### D. Moving Defendants Have Complied Fully With The Eighth Amended Case Management Order And Good Cause Exists To Grant This Motion To Extend

15. Pursuant to Federal Rule of Civil Procedure 6(b), the Court "may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b).

16. On May 6, 2022, Defendants timely moved for summary judgment in accordance with the terms of this Court's Eighth Amended Case Management Order and Plaintiffs should not be permitted to obstruct Defendants' ability to fairly complete their briefing on those motions by strategically waiting until the last minute to file their Sanctions Motion and then withhold consent to reasonable requests for a short extension.

17. The Moving Defendants therefore request an extension of fourteen (14) days, or until June 2, 2022, to file their opposition to the Sanctions Motion.

18. The Moving Defendants also request that the schedule and due dates for the summary judgment proceedings remain unchanged. Having begun the process according to the Court's schedule, Moving Defendants should not be forced to "put down their pencils" because of Plaintiffs' last-minute motion filing. ***Indeed, as this Court is aware, by order of the Court, the parties briefed and resolved all outstanding discovery issues—it smacks of bad faith and dilatory conduct for Plaintiffs to have participated in that process without raising the numerous***

6

*discovery issues they now put in their Sanctions Motion the day before dispositive motions were due.*

19. The Moving Defendants require the extension to defend themselves fully and properly against the allegations and attacks in the Sanctions Motion; absent an extension, Defendants will be greatly prejudiced by having to simultaneously prepare summary judgment briefing and respond to the present Sanctions Motion which seeks case-dispositive relief (*i.e.*, striking Moving Defendants' Answers) and imposing other forms of unwarranted sanctions sought by Plaintiffs.

20. By contrast, there is absolutely no harm to Plaintiffs in keeping summary judgment on its scheduled track and granting the Moving Defendants additional time to respond to the Sanctions Motion; no trial date is set in this matter and the Moving Defendants have already consented to an identical two-week extension for Plaintiffs to file a reply brief in support of their Sanctions Motion should they so choose. (*See* Ex. 1).

21. Basic principles of fairness dictate that Moving Defendants should be afforded a fair opportunity to fully develop their arguments on a complete record as to why the draconian relief Plaintiffs seek in their Sanctions Motion should be denied and affording the Moving Defendants an additional fourteen (14) days to create that record is plainly warranted here.

22. The Moving Defendants additionally move this Court for an enlargement of the page limits for their opposition brief to the Sanctions Motion. To respond to Plaintiffs' allegations of wrongdoing and request for sanctions, and pursuant to Local Rule 7.8(b)(3), the Moving Defendants respectfully request leave to file a brief in opposition to the Motion in excess of fifteen (15) pages and/or 5,000 words. Good cause exists for this request because the Moving Defendants need to respond to Plaintiffs' significant allegations of discovery infractions, and to explain why the alleged conduct does not warrant any relief, let alone the imposition of punitive sanctions.

23. Via this Motion, Moving Defendants seek the same relief granted to Plaintiffs—leave to file an opposition brief not to exceed thirty (30) pages or 10,000 words—which narrow relief Plaintiffs consent to. (*See* Ex. 1).

**E.  Plaintiffs Are Estopped From Now Opposing Moving Defendants' Request For An Extension Of Time To Respond To The Sanctions Motion Given Plaintiffs' Delay With Filing It Until After The Close Of Fact Discovery**

24. As noted above, on May 9, 2022, counsel for the Moving Defendants wrote to counsel for Plaintiffs seeking concurrence in the present motion, and in which they offered Plaintiffs an additional two weeks to file any reply brief Plaintiffs may wish to submit.

25. Plaintiffs concurred in the request for an enlargement of the page limits but would not concur in any extension of the Moving Defendants' deadline for filing an opposition to the Sanctions Motion. (*Id.*).

26. Instead, Plaintiffs proposed that the Court-ordered deadlines for the filing of summary judgment briefs be extended by two weeks, so that the Court would consider their Sanctions Motion before the Defendants' summary judgment motions. (*Id.*). This is tantamount to an admission by Plaintiffs that, absent their requested adverse inferences, they cannot respond to Defendants' summary judgment motions with actual material facts and considered legal argument.

27. Plaintiffs' unwillingness to grant the Moving Defendants an additional fourteen (14) days to respond to their Sanctions Motion on the merits further underscores the gamesmanship Plaintiffs have engaged in via their refusal to participate in a meet and confer before filing the Sanctions Motion, combined with the strategic timing of the Sanctions Motion itself, through which they seek to unfairly prejudice all Defendants.

28. Ironically, while Plaintiffs now indicate that they are willing to put off the Court-ordered deadlines for summary judgment set forth in the Court's Eighth Amended Case Management Order because delaying the Court's consideration of and ruling on those motions aligns with their desire to essentially cross-move for dispositive relief against Defendants (*i.e.*, striking Moving Defendants' answers)

9

before the Court reaches the merits of the summary judgment motions, the Court should be aware that Plaintiffs took the exact opposite position on March 30, 2022 when Defendants sought to extend the deadlines for expert discovery and summary judgment motions by 30-45 days to accommodate the schedules of the parties and their counsel in other matters. (*See* Ex. 2, March 30, 2022 Email).

29. Finally, Plaintiffs offer no explanation as to why they failed to bring their Sanctions Motion prior to the October 29, 2021 discovery cut-off date set via the Seventh Amended Case Management Order in this matter. *See* Dkt. No. 266.

30. In a nutshell, Plaintiffs' May 10, 2022 response demonstrates that their Sanctions Motion is a misguided attempt to prejudice the Moving Defendants' ability to fairly and adequately defend against their latest accusations on the merits, and to divest the Court from exercising its jurisdiction over the pending summary judgment motions.

31. A proposed order is submitted herewith granting the foregoing relief.

**WHEREFORE**, Defendants CAA Sports, LLC, Craig Boone, and Boone Enterprises, Inc. respectfully request that this Court grant an extension of time for their opposition to the Motion for Sanctions and enlargement of page limits in accordance with the foregoing.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | KLEHR HARRISON<br>HARVEY BRANZBURG LLP |
| Dated: May 10, 2022 | By: */s/ Michael A. Iaconelli*<br>Michael A. Iaconelli<br>(Pa. I.D. No. 77340)<br>William J. Clements<br>(Pa. I.D. No. 86348)<br>Monica Clarke Platt<br>(Pa. I.D. No. 311445)<br>1835 Market Street, 14th Floor<br>Philadelphia, PA 19103<br>Ph. (215) 569-2700<br>fax (215) 568-6603<br><br>*Attorneys for Defendants,*<br>*CAA Sports, LLC, Craig Boone, and*<br>*Boone Enterprises, Inc.* |