# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| CLARITY SPORTS INTERNATIONAL LLC and JASON BERNSTEIN, | : No. 1:19-CV-00305 (YK) |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| CAA SPORTS LLC, *et al*. | : |
| Defendants | : |

_____

### DEFENDANTS REDLAND SPORTS AND GERRY OCHS' MOTION FOR EXTENSION OF OPPOSITION BRIEF DEADLINE AND ENLARGEMENT OF PAGE LIMITS

Defendants Gerry Ochs and Redland Sports ("Ochs / Redland"), by and through their undersigned counsel, move for an extension of time to file their brief in opposition to the Plaintiffs' Motion for Sanctions (*Doc. 296*) and for an enlargement of the page limits for such brief, and in support thereof, aver the following:

**A.**  **Relevant Background**

1. On December 30, 2021, the Court entered an Eighth Amended Case Management Order directing motions for summary judgment to be filed by May 6, 2022.

2. On May 5, 2022, just one day prior to the Court-ordered May 6, 2022 deadline for dispositive motions, the Plaintiffs filed a lengthy Motion for Sanctions (the "Sanctions Motion") against Ochs / Redland and certain other co-defendants.

3. Regarding Ochs / Redland, the alleged discovery violation is premised exclusively upon accidental damage sustained to Gerry Ochs' cellular telephone that occurred in late June or early July of 2019.

4. Mr. Ochs was extensively questioned about the damage to the cellular telephone nearly two years ago, during his June 23, 2020 deposition.

5. Mr. Ochs explained during his deposition as to how he left his phone in a truck while he was working on a military installation for his full-time job as a furniture mover, and upon his return to the truck, he realized that the phone sustained heat damage. Mr. Ochs further testified during his deposition as to the various efforts he undertook in an effort to repair the phone, as well as to retrieve data upon the phone, but that such efforts ultimately proved unsuccessful.

6. Although the Plaintiffs were fully aware of this matter in June of 2020, the Plaintiffs remained silent for nearly twenty-three (23) months, until May 5, 2022 – one day prior to the May 6, 2022 deadline for the filing of the Ochs / Redland Motion for Summary Judgment.

7. Ochs / Redland complied with the Court-ordered deadline by submitting their Motion for Summary Judgment and accompanying Statement of Material Undisputed Facts on May 6, 2022.

**B.    Plaintiffs' Timing of their Motion for Sanctions**

8. Pursuant to the Court-ordered schedule and the Middle District of Pennsylvania Local Rules, the Ochs / Redland brief in support of their summary judgment motion is due on May 20, 2022.

9. Ochs / Redland disagree with and will oppose the Sanctions Motion.

10. Ochs / Redland believe that the filing of the Sanctions Motion was strategically timed to impede and interfere with their ability to adequately brief their pending summary judgment motion, by forcing Ochs / Redland to simultaneously brief their opposition to the Sanctions Motion.

11. Since the Sanctions Motions involves a matter that was known to the Plaintiffs for nearly twenty-three (23) months, the resolution of the Sanctions Motion is not time sensitive.

12. Plaintiffs offer no explanation as to why they failed to bring their Sanctions Motion prior to the October 29, 2021 discovery cut-off date set via the Seventh Amended Case Management Order in this matter. *See* Doc. 266.

**C.     Plaintiffs Refused to Provide Ochs / Redland with a 14-Day Extension, Which Appears to Be Aimed at Prejudicing Defendants on the Merits**

13.     Plaintiffs filed their Sanctions Motion approximately seventy-two (72) hours after first providing defense counsel with notice of their intent to file it, and after failing to respond to two (2) requests to meet and confer with Defendants' counsel pursuant to Local Rules 8.1 and 26.3 regarding the timing and propriety of their filing.

14.     Prior to filing the instant motion, Ochs / Redland sought the consent of Plaintiffs' counsel, proposing to keep the established briefing schedule of the Ochs / Redland Motion for Summary Judgment, and requested a short two (2) week extension to respond to the Sanctions Motion.

15.     Plaintiffs' Counsel refused the request, and instead proposed that Ochs / Redland cease working on their summary judgment brief and first respond to the Sanctions Motion.

16.     The present deadline for Ochs / Redland to oppose the Sanctions Motion is May 19, 2022, just one day before the May 20, 2022 deadline for the filing of their brief in support of summary judgment.

17.     Plaintiffs plainly seek to overcome summary judgment not on the merits, but by seeking to prejudice Ochs / Redland with an unnecessarily expedited briefing schedule, and by distracting the Court with an alleged discovery issue that

is based upon a situation that the Plaintiffs indisputably knew about (and previously did not take issue with) for the past twenty-three (23) months.

**D.     Redland / Ochs Have Fully Complied with the Eighth Amended Case Management Order and Good Cause Exists to Grant This Motion to Extend**

18.     Pursuant to Federal Rule of Civil Procedure 6(b), the Court "may, for good cause, extend the time [of a deadline] . . . if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b).

19.     On May 6, 2022, Ochs / Redland timely moved for summary judgment in accordance with the terms of this Court's Eighth Amended Case Management Order. The Plaintiffs should not be permitted to obstruct the ability of Ochs / Redland to properly complete briefing upon their motion for summary judgment by strategically waiting until the last minute to file a Sanctions Motion.

20.     Ochs / Redland therefore request an extension of fourteen (14) days, or until June 2, 2022, to file their opposition to the Sanctions Motion.

21.     Ochs / Redland also request that the schedule and due dates for the summary judgment proceedings remain unchanged.  Having begun the process according to the Court's schedule, Ochs / Redland should not be forced to "put down their pencils" because of Plaintiffs' last-minute motion filing.  ***Indeed, as this Court is aware, by prior order of the Court, the parties have previously briefed and resolved all outstanding discovery issues and it smacks of bad faith and dilatory***

5

*conduct for Plaintiffs to have participated in that process without issue, only to raise a discovery issue pertaining to a damaged cellular telephone which the Plaintiffs have known about for nearly twenty-three (23) months.*

22.   Ochs / Redland require this extension to defend themselves fully and properly against the allegations and attacks in the Sanctions Motion, and to avoid being greatly prejudiced by having to simultaneously prepare a brief in support of summary judgment while also responding to the present Sanctions Motion which seeks severe relief, specifically an adverse inference.

23.   By contrast, there is absolutely no harm to Plaintiffs or the Court in keeping summary judgment on its scheduled track and granting Ochs / Redland additional time to respond to the Sanctions Motion; no trial date is set in this matter and Ochs / Redland are willing to provide a corresponding two-week extension for Plaintiffs to file a reply brief in support of their Sanctions Motion, should they so choose.

24.   Basic principles of fairness dictate that Ochs / Redland should be afforded a fair opportunity to fully develop their arguments on a complete record as to why the draconian relief Plaintiffs seek in their Sanctions Motion should be denied.

25.   Ochs / Redland additionally move this Court for an enlargement of the page limits for their opposition brief to the Sanctions Motion.  Pursuant to Local

Rule 7.8(b)(3), Ochs / Redland respectfully request leave to file a brief in opposition to the Motion in excess of fifteen (15) pages and/or 5,000 words. Good cause exists for this request because Ochs / Redland need to respond to Plaintiffs' significant allegation of a discovery infraction, and to explain why the alleged conduct does not warrant any relief, let alone the imposition of such severe sanctions.

26.   Via this Motion, Ochs / Redland also seek the same relief granted to Plaintiffs – leave to file an opposition brief not to exceed thirty (30) pages or 10,000 words. The Plaintiffs **_consent_** to this relief.

**WHEREFORE**, Defendants Gerry Ochs and Redland Sports respectfully request that this Court grant an extension of time for their opposition to the Motion for Sanctions and enlargement of page limits in accordance with the foregoing.

Respectfully submitted,

**WILLIAMSON, FRIEDBERG & JONES, LLC**

Date: May 11, 2022                By:   */s/ Iles Cooper, Esquire*
**ILES COOPER**
I.D. No. 24754
**J.T. HERBER, III**
I.D. No. 92866
Ten Westwood Road
Pottsville, PA 17901
(570) 622-5933
Attorneys for Defendants
Redland Sports and Gerry Ochs

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| CLARITY SPORTS INTERNATIONAL : | No. 1:19-CV-00305 (YK) |
| LLC and JASON BERNSTEIN, : | |
|       Plaintiffs, : | |
| : | |
|       v. : | |
| : | |
| CAA SPORTS LLC, *et al.* : | |
|       Defendants : | |

_____

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1, on May 5, 2022, counsel for Redland Sports and Gerry Ochs e-mailed counsel for the Plaintiffs seeking concurrence in this Motion. Concurrence was not provided with regard to the extension of the briefing deadline. However, concurrence was provided with regard to the enlargement of the brief length/ page limits.

                                  **WILLIAMSON, FRIEDBERG & JONES, LLC**

Date: <u>May 11, 2022</u>        By:  */s/ Iles Cooper, Esquire*
                                              **ILES COOPER**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| CLARITY SPORTS INTERNATIONAL : <br> LLC and JASON BERNSTEIN, : <br>　　　　Plaintiffs, : <br> : <br>　　　v. : <br> : <br> CAA SPORTS LLC, *et al*. : <br>　　　　Defendants : | No. 1:19-CV-00305 (YK) |

_____

## **CERTIFICATE OF SERVICE**

　　　I, Iles Cooper, Esquire, hereby certify that the foregoing Motion for Extension of Opposition Brief Deadline and Enlargement of Page Limits was served upon all counsel of record via the Court's ECF System as follows:

Scott L. Grenoble, Esquire
Buzgon Davis Law Offices
525 South Eight Street
P.O. Box 49
Lebanon, PA 17042-0049

John D. Comerford, Esquire
James B. Martin, Esquire
Dowd Bennett LLP
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105

Michael A. Iaconelli, Esquire
William J. Clements, Esquire
Monica Clarke Platt, Esquire
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, 14th Floor
Philadelphia, PA 19103

**WILLIAMSON, FRIEDBERG & JONES, LLC**

Date: May 11, 2022　　　　　By: */s/ Iles Cooper, Esquire*
　　　　　　　　　　　　　　　　**ILES COOPER**
　　　　　　　　　　　　　　　　I.D. No. 24754