## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARITY SPORTS INTERNATIONAL LLC     )
and JASON BERNSTEIN,                 )
                                     )
      Plaintiffs,                      )
                                     )
v.                                   )
                                     )  Case No. 1:19-cv-00305-YK-SES
CAA SPORTS, LLC,                     )
REDLAND SPORTS, GERRY OCHS,          )
MVP AUTHENTICS, LLC,                 )
DARYL EISENHOUR, JASON SMITH,        )
BOONE ENTERPRISES INC. d/b/a BOONE   )
ENTERPRISES AUTHENTIC                )
AUTOGRAPHS, and CRAIG BOONE,         )
                                     )
      Defendants.                      )

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION
## TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs Clarity Sports International and Jason Bernstein have moved the

Court for an order that certain arguments made by Defendants Redland Sports and

Gerry Ochs (collectively "Redland/Ochs") raised for the first time in their reply

briefs are waived and will be disregarded. Doc. 345. Specifically, Redland/Ochs

argues for the first time in its reply brief that Section 772 of the Restatement

(Second) of Torts precludes liability. Doc. 341 at 9-16. Redland/Ochs also argues

for the first time in its reply brief that Plaintiffs waived the right to assert that

Maryland law applies to their claims where there is conflict with Pennsylvania law.

Doc. 341 at 6-9. Redland/Ochs has now filed an opposition brief where it claims these two arguments are not newly raised. Doc. 348.[1]

## I.    The Section 772 Argument Was Not Raised By Redland/Ochs Until its Reply Brief.

Redland/Ochs _admits_ that Section 772 "was not expressly cited by Redland/Ochs in their Memorandum of Law in Support of Motion for Summary Judgment[.]" Doc. 348 at 3. It then offers a strained argument that "the issue relating to this Section of the Restatement was discussed in great detail, and therefore the issue was not waived." _Id._ It describes the "issue" as "statements which are truthful in nature do not support a claim for intentional interference with contractual relations." _Id._ The problem for Redland/Ochs is that this "issue" was not discussed at all in its opening summary judgment brief, and Plaintiffs therefore had no chance to respond to it. The word "truthful" does not appear in the Redland/Ochs brief _at all_ – not even once. Doc. 310.  The word "truth" appears once, in an unrelated discussion about "willful blindness." Doc. 310 at 35. The word "nature" appears twice, but in contexts unrelated to whether Redland/Ochs' statements were "truthful in nature." Doc. 310 at 18, 34.

---

[1] The issue in Plaintiffs' Motion for Leave to File Surreply is whether the Court should disregard the Defendants' new arguments, or whether leave to file a surreply will be granted. Accordingly, Plaintiffs are not responding to the _substance_ of Defendants' new arguments at this time and will do so if and when directed to by the Court.

It is also noteworthy that the Pennsylvania case cited by Redland/Ochs in its reply brief as it discusses Section 772 *does not* appear in its opening brief. That case is *Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.*, 610 Pa. 371 (2011). *See* Doc. 341 at 10-13. The Redland/Ochs opening brief does not mention *Walnut Street* at all. Doc. 310.  The same is true of the Maryland case cited by Redland/Ochs in its reply brief as it discusses Section 772, *Storch v. Ricker*, 57 Md. App. 683, 704, 471 A.2d 1079 (Md. Ct. Spec. App. 1984). Doc. 341 at 14-15. The Redland/Ochs opening brief does not mention *Storch* at all. Doc. 310.

Redland/Ochs seems to be saying that its Section 772 argument about statements that are "truthful in nature" is not new and was not waived because Redland/Ochs discussed "what conduct is permissible," the idea that Redland/Ochs had a "limited role," the idea that Plaintiffs cannot show "improper conduct by Redland/Ochs" and the idea that the actions of Redland/Ochs were "privileged." Doc. 348 at 3-5. But these are different ideas than the one Redland/Ochs advances in its reply brief, which is that a party who makes truthful statements can never be liable for tortious interference under any circumstances *as a matter of law*. This is a wholly new idea that was not raised in Redland/Ochs opening brief, and it should be disregarded.

## II. __The Waiver of Maryland Law Argument Was Not Raised By Redland/Ochs Until its Reply Brief.__

Redland/Ochs argues in its reply brief, and again in its Opposition to Plaintiffs' Motion for Leave to File Surreply, that Plaintiffs waived the application of Maryland law to this case. Doc. 341 at 6-9; Doc. 348 at 6-8. Redland/Ochs makes no effort, however, to show that this argument was raised in any form or fashion in its opening summary judgment brief. Doc. 310. It simply reargues the point, but it does nothing to respond to the idea that its argument is waived and should be disregarded because it was not raised earlier.

Plaintiffs have nothing further to add beyond what is already stated on this topic in their Motion for Leave to File Surreply. Doc. 345 at 5-8. Again, Plaintiffs are not responding to the *substance* of Defendants' new arguments until directed to do so by the Court.

WHEREFORE, Plaintiffs respectfully move this Court (1) to disregard Defendants' new arguments, or in the alternative, for leave to submit a surreply in order to briefly respond to the new arguments and (2) for leave to submit a surreply to address the impact of the Third Circuit's recent opinion on Defendants' summary judgment arguments, if the Court desires.

Dated: August 24, 2022

Respectfully submitted,

DOWD BENNETT LLP

By:  /s/ *John D. Comerford*
    John D. Comerford #60164MO
    James B. Martin #70219MO
    7733 Forsyth Blvd., Suite 1900
    St. Louis, Missouri 63105
    (314) 889-7300 (phone)
    (314) 863-2111 (facsimile)
    jcomerford@dowdbennett.com
    jbmartin@dowdbennett.com

BUZGON DAVIS LAW OFFICES

    Scott L. Grenoble
    Attorney I.D. #72808
    525 South Eighth Street
    Post Office Box 49
    Lebanon, PA    17042-0049
    (717) 274-1421
    Fax: (717) 274-1752
    E-mail: sgrenoble@buzgondavis.com

*Attorneys for Plaintiffs Clarity Sports*
*International LLC and Jason Bernstein*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2022 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ *John D. Comerford*

5